NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

```
_____
                               :
LENAIL THOMAS HALL,            :
                               :    Civil Action No. 16-9105(RMB)
            Petitioner,        :
                               :
      v.                       :         OPINION
                               :
WARDEN TIMOTHY S. STEWART,     :
                               :
            Respondent.        :
_____:
```

Petitioner, an inmate incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey, filed a habeas petition under 28 U.S.C. § 2241 challenging the calculation of his sentence. (Pet., ECF No. 1.) Respondent filed a response, opposing habeas relief. (Response, ECF No. 3.) Petitioner filed a reply. (Reply, ECF No. 4.) For the reasons discussed below, the Court denies the habeas petition.

I.   BACKGROUND

On March 22, 2013, Petitioner was sentenced to a 120-month term of imprisonment followed by six years supervised release for conspiracy to distribute and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 846, in the United States District Court, Northern District of Ohio. (Response, Declaration of Tara Moran ("Moran Decl."), Ex. 1, ECF No. 3-2 at 5.)

Petitioner's projected release date, assuming all good conduct time, is December 1, 2021. (Moran Decl., Ex. 1, ECF No. 3-2 at 4.)

Petitioner was named in a federal indictment on drug charges on March 2, 2011 but he was not arrested on the indictment until May 25, 2012. (Response, Declaration of Donald C. Williams ("Williams Decl."), ECF No. 3-1 at 2-3, ¶¶3, 6.) In the meantime, on April 24, 2011, Petitioner was arrested by law enforcement officials from Cuyahoga County, Ohio on state drug charges. (Williams Decl., Attach. 1, ECF No. 3-1 at 9.) He was released on bond. (Id.)

On December 2, 2011, Petitioner was sentenced by the Cuyahoga County Common Pleas Court in Cleveland, Ohio, Case #CR549681, to a four-year term of imprisonment for drug trafficking within a school, possession of drugs, and possession of criminal tools. (Id., Attach. 2, ECF No. 3-1 at 11.) Petitioner received five days of jail credit against this sentence. (Id.)

Petitioner was temporarily removed from State custody via a federal writ of habeas corpus *ad prosequendum* on May 25, 2012. (Williams Decl., Attach. 3, ECF No. 3-1 at 15.) Petitioner was sentenced on March 22, 2013, in the U.S. District Court, Northern District of Ohio, to a 120-month term of imprisonment in Case No. 12-CR-00214, for conspiracy to distribute and possession with intent to distribute cocaine. (Id., Attach. 4, ECF No. 3-1 at 17-20.) The federal sentencing court ordered the sentence to run

concurrently with the state sentence imposed in Case #CR549681. (Williams Decl., ECF No. 3-1 at 18.) The sentencing judge noted the Government did not object to a concurrent sentence, and that the plea agreement called for a sentence of 120-months, which was approximately 68 months less than the minimum guideline range of 188 to 235 months. (Declaration of J. Andrew Ruymann ("Ruymann Decl."), Ex. 1, ECF No. 3-3 at 7-8, 12, 15, 18, 20-21.) Petitioner was returned to state custody on March 28, 2013, to complete his state sentence. (Williams Decl., Attach. 3, ECF No. 3-1 at 15.) Petitioner was released from state custody into exclusive federal custody on November 26, 2015, to complete the remainder of his federal sentence. (Id., Attach. 5, ECF No. 3-1 at 25.)

In calculating Petitioner's sentence, the state awarded all presentence time from April 24, 2011 to April 28, 2011 (when he was released on bond). (Williams Decl., Attach. 2, ECF No. 3-1 at 11.) Petitioner also received five days credit (April 24, 2011 to April 28, 2011) against his federal sentence pursuant to Willis v. United States, 449 F.2d 993 (5th Cir. 1971).[1] (Williams Decl., ECF No. 3-1 at 3, ¶10; Attach. 7, ECF No. 3-1 at 31.)

II.  THE PETITION, RESPONSE AND REPLY

   A.   The Petition

---

[1] See infra n. 3.

Petitioner alleges the BOP miscalculated his sentence. (Pet., ECF No. 1, ¶13.) Petitioner seeks credit against his federal sentence for the periods of December 2, 2011 through May 24, 2012 and March 25, 2012 through March 22, 2013. (Pet., ECF No. 1, ¶15.) Petitioner asserts this Court can adjust or reduce his sentence pursuant to the United States Sentencing Guidelines ("U.S.S.G.") § 5G1.3(b) or (c). (Id.)

B.    The Response

Respondent contends the BOP has properly calculated Petitioner's federal sentence. (Response, ECF No. 3 at 2.) Petitioner was in primary state custody when he was prosecuted in federal court by means of a writ of habeas corpus *ad prosequendum*. (Id. at 8.) His federal sentence was imposed on March 22, 2013 and was ordered to run concurrent to his previously imposed state sentence. (Id. at 9.) The BOP commenced his federal sentence on March 22, 2013 pursuant to 18 U.S.C. § 3585(a). (Id. at 8-9.)

Petitioner also seeks prior custody credit, which is governed by 18 U.S.C. § 3585(b), which Respondent notes may only be granted for time that has not been credited against another sentence. (Id. at 9.) Thus, Respondent concludes the BOP correctly denied presentence credit for April 24, 2011 to April 28, 2011 under § 3585(b) because the state awarded credit for this time against Petitioner's state sentence. (Id. at 10.)

The BOP, however, granted Plaintiff credit under *Willis* for April 24, 2011 through April 28, 2011 because "the federal and nonfederal terms are concurrent and the Raw Effective Full Term (EFT) date of the non-federal term is equal to or less than Raw EFT of the federal sentence." (Response, ECF No. 3 at 10-11.) Petitioner was not entitled to additional credit pursuant to *Kayfez*[2] because there was no other qualified presentence credit available. (Response, ECF No. 3 at 11.)

Respondent also contends Petitioner is not entitled to an adjustment of his federal sentence pursuant to U.S.S.G. § 5G1.3, which permits a sentencing court to adjust a federal sentence when an undischarged state case involves the same relevant conduct, because there is no evidence that the two charges involved the same relevant conduct. (<u>Id.</u> at 12.) Further, there is no evidence the sentencing court intended to impose anything other than a 120-month sentence to run concurrent to the already imposed state sentence. (<u>Id.</u>)

Respondent asserts that even if Petitioner was entitled to a sentence adjustment, the second sentence is not retroactive to the beginning of the first sentence under § 5G1.3, nor can Petitioner obtain a *nunc pro tunc* designation to commence his sentence at the

---

[2] <u>See</u> *infra* n. 3.

time of state sentencing because a federal sentence cannot commence before it is imposed. (Response, ECF No. 3 at 13 and n.6.)

C.   The Reply

In reply, Petitioner contends the sentencing court intended that the time Petitioner had already served be credited against his federal sentence. (Reply, ECF No. 4 at 1-2.) Petitioner relies on the Court's statements in the Judgment of Conviction that "Defendant is hereby to be imprisoned for a total term of: One Hundred Twenty (120) months, to run concurrent to State sentence imposed in Case #CR549681…. Defendant shall receive credit for time served in Federal custody." (Reply, ECF No. 4 at 1-2.) Petitioner also requests that the Court dismiss Respondent's Answer as untimely. (Id. at 2.) This request is denied because the Response was timely filed on Monday, January 30, 2017 because the deadline fell on the previous weekend. See Fed. R. Civ. P. 6(1)(C).

II. DISCUSSION

A.   Legal Standard

28 U.S.C. § 2241 provides, in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions . . .
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless—
>
>     . . .

(3) He is in custody in violation of the
Constitution or laws or treaties of the
United States; . . .

The calculation of federal sentences is governed by 18 U.S.C.
§ 3585, which requires two determinations (1) when does the federal
sentence commence; and (2) is the prisoner eligible for prior
custody credit. 18 U.S.C. § 3585 provides:

(a) Commencement of sentence.--A sentence to
a term of imprisonment commences on the date
the defendant is received in custody awaiting
transportation to, or arrives voluntarily to
commence service of sentence at, the official
detention facility at which the sentence is to
be served.

(b) Credit for prior custody.--A defendant
shall be given credit toward the service of a
term of imprisonment for any time he has spent
in official detention prior to the date the
sentence commences—

(1) as a result of the offense for which
the sentence was imposed; or

(2) as a result of any other charge for
which the defendant was arrested after
the commission of the offense for which
the sentence was imposed;

that has not been credited against another
sentence.

Primary jurisdiction is obtained by the sovereign which first
arrested the offender, until that sovereign relinquishes
jurisdiction by release on bail, release on parole, dismissal of
the charges or expiration of the sentence. Rios v. Wiley, 201 F.3d
257, 274 (3d Cir. 2000). Federal authorities do not obtain primary

custody over the offender when he is produced from state custody for prosecution pursuant to a writ of habeas corpus *ad prosequendum*. Rios, 201 F.3d at 274-75. Under § 3585(b), a prisoner cannot receive prior custody credit against his federal sentence if he has received credit for that period against another sentence. United States v. Wilson, 503 U.S. 329, 334 (1992).

There is an exception to the bar on double prior custody credit.[3] Pursuant to Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993):

> the BOP will grant an amount of qualified double credit if the following conditions are present: (1) the non-federal and federal sentences are concurrent; (2) the raw effective full term ("EFT") date of the non-federal term is later than the raw EFT of the federal term; and (3) the non-federal raw EFT, after application of qualified non-federal presentence time, is reduced to a date that is earlier than the federal raw EFT date. *See* BOP Program Statement 5880.28.

---

[3] It appears that the *Willis* exception is no longer applicable. "Several cases construing 18 U.S.C. § 3568, the predecessor to § 3585, [] require[d] that a prisoner serving a federal sentence receive credit for time spent in state custody '[i]f he was denied release on bail because [a] federal detainer was lodged against him.'" Castro v. Sniezek, 437 F. App'x 70, 72-73 (3d Cir. 2011) (quoting Davis v. Att'y Gen., 425 F.2d 238, 240 (5th Cir. 1970); see also Willis v. U.S., 438 F.2d 923, (5th Cir. 1971). "However, § 3568, which did not explicitly preclude double credit, has been superseded by the Sentencing Reform Act of 1984 and recodified at § 3585(b), which clearly prohibits double credit." Castro, 437 F. App'x at 73. Nonetheless, the BOP awarded Petitioner such credit for the period of April 24, 2011 through April 28, 2011.

<u>Galloway v. Warden of F.C.I. Ft. Dix</u>, 385 F. App'x 59, 61 n.2 (3d Cir. 2010).

A sentencing court may also grant an adjustment of a federal sentence to achieve the desired result with respect to multiple offenses. The version of U.S.S.G. § 5G1.3 in effect at the time of Petitioner's federal sentencing[4] on March 22, 2013 provided:

> (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
>
> (b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>
>> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

---

[4] "Under 18 U.S.C. § 3553(a)(4)(A)(ii), district courts are instructed to apply the Sentencing Guidelines issued by the United States Sentencing Commission that are 'in effect on the date the defendant is sentenced.'" <u>Peugh v. United States</u>, 569 U.S. 530, 537–38 (2013).

> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.
>
> (c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.[5]

"[A]djusting a sentence for time served on a state conviction pursuant to § 5G1.3 is within the exclusive authority of the sentencing court." Ruggiano v. Reish, 307 F.3d 121, 135 (3d Cir. 2002). Where the sentencing court clearly intended by its oral and written statements that it intended to adjust downward under § 5G1.3, the decision is binding on the BOP. Id.

B.  Analysis

The BOP properly commenced Petitioner's sentence, pursuant to 18 U.S.C. § 3585(a), on the date of imposition, March 22, 2013. See Rashid v. Quintana, 372 F. App'x 260, 262 (3d Cir. 2010) ("a federal sentence cannot begin to run earlier than on the date on which it is imposed.") The BOP also properly denied prior custody credit, pursuant to § 3585(b), for time that was credited against his state sentence (April 28, 2011 to April 28, 2011), but credited

---

[5] U.S.S.G. § 5G1.3 (effective November 1, 2012) available at https://www.ussc.gov/guidelines/guidelines-archive/2012-federal-sentencing-guidelines-manual

this five-day period under *Willis*, 449 F.3d 993. Petitioner was not entitled to credit for time he was on state bond release or time that was credited against his state sentence or time that he was in custody of the U.S. Marshals Service pursuant to a writ of habeas corpus *ad prosequendum.* See e.g. Nieves v. Scism, 527 F. App'x 139, 141 (3d Cir. 2013) (prisoner not entitled to double credit for time served on state sentence, including time spent serving state sentence while detained on writ of habeas corpus *ad prosequendum*); see Reno v. Koray, 515 U.S. 50, 65 (1995) (time that prisoner spent in community treatment center while released on bail pursuant to the Bail Reform Act of 1984 was not official detention that would entitle the prisoner to prior custody credit under 18 U.S.C. § 3585(b)).

The final issue is whether the BOP correctly determined that the federal sentencing court did not grant an adjustment under U.S.S.G. § 5G1.3. Respondent contends there is no evidence that the state and federal convictions involved relevant conduct, as required for the sentencing court to make an adjustment under § 5G1.3(b).

The record reflects that the federal indictment against Petitioner alleged a conspiracy to possess with intent to distribute cocaine during the period of May 2010 through September 2010. (Williams Decl., ECF No. 3-1 at 1-2, ¶3.) Petitioner was arrested on "local drug charges" in Cuyahoga County, Ohio on April

24, 2011. (Id., ECF No. 3-1 at 2, ¶4.) On December 2, 2011, he was sentenced in state court in Case# CR549681 for drug trafficking within a school, possession of drugs, and possession of criminal tools. (Id., Attach. 2, ECF No. 3-1 at 11.)

Pursuant to § 5G1.3(b), relevant conduct is defined U.S.S.G. § 1B1.3(a)(1), (a)(2), or (a)(3), which, at the time of Petitioner's sentencing provided:

> §1B1.3. Relevant Conduct (Factors that Determine the Guideline Range)
>
> (a) Chapters Two (Offense Conduct) and Three (Adjustments). Unless otherwise specified, (i) the base offense level where the guideline specifies more than one base offense level, (ii) specific offense characteristics and (iii) cross references in Chapter Two, and (iv) adjustments in Chapter Three, shall be determined on the basis of the following:
>
>> (1) (A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and
>>
>>> (B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity,
>>
>> that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense;

> (2) solely with respect to offenses of a character for which §3D1.2(d) would require grouping of multiple counts, all acts and omissions described in subdivisions (1)(A) and (1)(B) above that were part of the same course of conduct or common scheme or plan as the offense of conviction;
>
> (3) all harm that resulted from the acts and omissions specified in subsections(a)(1) and (a)(2) above, and all harm that was the object of such acts and omissions . . .

The record before this Court does not contain sufficient information to decide whether the state and federal convictions involved relevant conduct pursuant to § 1B1.3(a)(1), (a)(2), or (a)(3) because it is unknown if the drug involved in the state conviction was cocaine. It is also unknown whether the state offense occurred between May 2010 and September 2010, if, for example, Petitioner was arrested on a warrant for a previous offense. There may be other unknown facts that indicate Petitioner's state and federal convictions involved relevant conduct.[6]

---

[6] See e.g. U.S. v. Johnson, 456 F. App'x 122, 128 (3d Cir. 2011):

> Although the District Court did not make explicit findings concerning § 5G1.3(b), Johnson's state and federal sentences do not relate to the same criminal undertaking. According to the presentence report, Johnson's state sentence concerns his sale of 2.3 grams of crack cocaine to another individual while he was in a vehicle with an undercover trooper on December 6, 2006. By contrast, his instant federal sentence concerns a drug distribution conspiracy and several specific cocaine sales occurring between August 19, 2009 and November 4, 2009.

If U.S.S.G. § 5G1.3(b) applies, it directed that "(1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons." Petitioner began serving his state sentence on December 2, 2011 and did not commence his federal sentence until March 22, 2013. If the sentencing court applied § 5G1.3(b), Petitioner should have been given credit against his federal sentence for the period of December 2, 2011 through March 21, 2013. Therefore, it is necessary for this Court to determine whether the state and federal convictions involved relevant conduct.

III. CONCLUSION

For the reasons discussed above, the Court orders supplemental briefing on the application of U.S.S.G. § 5G1.3(b) to Petitioner's federal sentence. In the supplemental briefs, the parties shall provide arguments, supported by any facts available to them, about whether Petitioner's state and federal convictions involved relevant conduct. The parties shall also provide argument on whether § 5G1.3(c) was applicable to Petitioner's federal sentence at the time it was imposed.

An appropriate Order follows.

Dated:  August 16, 2018

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**