**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| LENAIL THOMAS HALL, | : | |
| | : | Civil Action No. 16-9105(RMB) |
| Petitioner | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| WARDEN TIMOTHY S. STEWART, | : | |
| | : | |
| Respondent | : | |

Petitioner, an inmate incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey, filed a habeas petition under 28 U.S.C. § 2241, challenging the Bureau of Prison's ("BOP") calculation of his sentence. (Pet., ECF No. 1.) On August 16, 2018, this Court ordered supplemental briefing on the issue of whether Petitioner's state and federal convictions involved relevant conduct under U.S.S.G. § 5G1.3(b) or whether § 5G1.3(c) was applicable to Petitioner's federal sentence at the time it was imposed. (Opinion, ECF No. 5; Order, ECF No. 6.)[1] The sole issue remaining is whether the sentencing court intended to make Petitioner's state and federal sentences fully concurrent or concurrent only with the remainder of Petitioner's state sentence

---

[1] The Court incorporates its August 16, 2018 Opinion and Order.

under U.S.S.G. § 5G1.3(b) or (c). For the reasons discussed below, the BOP properly calculated Petitioner's sentence consistent with the sentencing court's intent to make Petitioner's federal sentence concurrent with the remainder of his undischarged state sentence under § 5G1.3(c), and the Court will deny the habeas petition.

I. U.S.S.G. § 5G1.3

The 2012 U.S. Sentencing Guidelines Manual, in effect when Petitioner's federal sentence was imposed, provided in relevant part:

> §5G1.3. Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment
>
> (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
>
> (b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:

2

> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.
>
> (c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

II. THE SUPPLEMENTAL BRIEFS

A. <u>Petitioner's Brief</u>

Petitioner filed a supplemental brief on September 10, 2018, and a supplemental reply brief on November 26, 2018. (Petr's Supp. Brief, ECF No. 13; Petr's Supp. Reply Brief, ECF No. 15; Duplicate, ECF No. 17.) Petitioner contends the sentencing judge clearly expressed his intent to make Petitioner's federal sentence fully concurrent to his state sentence, both of which were based on drug charges. (Petr's Supp. Brief, ECF No. 8.) Petitioner requests that this Court amend his Judgment and Commitment Order to reflect a fully concurrent term of imprisonment. (<u>Id.</u> at 4-5.)

In his supplemental reply brief, Petitioner contends his state and federal sentences involved relevant conduct under U.S.S.G. § 5G1.3(b) and § 1B1.3(a)(1)-3 because crack cocaine is the common denominator in both cases. (Petr's Supp. Reply Brief, ECF No. 15 at 1.) Petitioner's state drug charges arose out of his possession and intent to distribute crack cocaine on March 4, 2010. (Petr's Supp. Reply Brief, Ex. B, ECF No. 15 at 1.) The federal Indictment charged that he was involved in a drug conspiracy that began "at least as early as May 2010, and continuing through September 2010, the exact dates unknown to the Grand Jury …" (Petr's Supp. Reply Brief, Ex. B, ECF No. 15 at 3.) Although his state offense occurred on March 4, 2010, Petitioner contends that he continued dealing crack cocaine, resulting in the federal conspiracy charge. (Id.) Petitioner concludes that the offenses involved relevant conduct and he should receive fully concurrent sentences under § 5G1.3(b). (Petr's Supp. Reply Brief, ECF No. 15 at 1.)

B. <u>Respondent's Supplemental Response to the Petition</u>

On September 26, 2018, Respondent filed a supplemental response to the petition. ("Respt's Supp. Brief," ECF No. 11.) Respondent contends that Petitioner's state and federal convictions involved separate conduct; and § 5G1.3(b) is not applicable to Petitioner's federal sentence. (Id. at 3.)

Petitioner was sentenced under a Rule 11(c)(1)(C) plea agreement. (Respt's Supp. Brief, ECF No. 11 at 5, citing Pascal Decl., Ex. 2, ECF No. 11-3.) The parties agreed that the Government would not oppose any argument Petitioner chose to advance to the sentencing court in support of a concurrent federal sentence to his then-undischarged state sentence in <u>State v. Hall</u>, Case No. CR-11-549681 (OH Court of Common Pleas, Cuyahoga Cnty.) (Pascal Decl., Ex. 2, ¶21, ECF No. 11-3.) On December 20, 2012, the parties signed the agreement and the Honorable Christopher A. Boyko, U.S.D.J. approved the Plea Agreement. (Pascal Decl., Ex. 2 at 12-13, ECF No. 11-3.)

Petitioner filed a sentencing memorandum in federal court on March 11, 2013. (Pascal Decl., Exhibit 3, ECF No. 11-4.) There, Petitioner argued he should be granted a concurrent sentence under U.S.S.G. § 5G1.3(c). (Ex. 3 at 11-15.) Petitioner admitted that neither § 5G1.3(a) nor § 5G1.3(b) applied to his sentence. (<u>Id.</u> at 11.) Petitioner asked the sentencing court to run his "remaining approximately thirty-three (33) months [on his state sentence] concurrent with his federal term." (<u>Id.</u> at 15 (emphasis added)). He did not ask the sentencing court to run his federal sentence concurrent to his full state sentence. (Pascal Decl., Ex. 3 at 15, ECF No. 11-4.)

The district court held the sentencing hearing on March 22, 2013. (Ruymann Decl., Ex. 1, ECF No. 3-3 at 3.) Defense counsel,

5

Donald Butler, asked the Court "to impose the minimum sentence here and run it concurrent with the State conviction where he's serving a four year prison term for drug – drug offenses." (Id. at 6.) The district court then sentenced Petitioner to 120 months to run concurrent to his state sentence. (Id. at 20.)

II. DISCUSSION

Authority lies in the sentencing court to adjust a sentence downward under U.S.S.G. § 5G1.3(b) or (c). See e.g. Ruggiano v. Reish, 307 F.3d 121 (3d Cir. 2002) (federal sentencing court has authority under § 5G1.3(c) to adjust sentence for time served on a state conviction, and a habeas court determines if the BOP correctly implemented the sentence imposed by the sentencing court). "A challenge to the sentencing court's application of the Guidelines is not cognizable in a § 2241 petition." Savage v. Zickefoose, 446 F. App'x 524, 526 n.1 (3d Cir. 2011) (per curiam); accord Prescod, Jr. v. Schuylkill, 630 F. App'x 144, 147 (3d Cir. 2015) (per curiam).[2]

The proper issue under § 2241 is whether the Bureau of Prisons calculated the petitioner's sentence consistent with the intent of

---

[2] In his supplemental reply brief, Petitioner also alleged his counsel was ineffective for failing to argue for an adjustment under § 5G1.3(b) based on relevant conduct. Such a claim should be raised in a motion to vacate under § 2255. See U.S. v. Molina, 75 F. App'x 111, 113-15 (3d Cir. 2003) (except in narrow circumstances, claim of ineffective assistance of counsel at sentencing should be raised in a § 2255 motion rather than on direct appeal).

6

the federal sentencing court. Prescod, 630 F. App'x at 147; see e.g. Escribano v. Schultz, 330 F. App'x 21, 23 (3d Cir. 2009) (per curiam). In making this determination, courts may look to the sentencing transcript and other relevant documents. See e.g. Escribano, 330 F. App'x at 25 (directing District Court to consider sentencing transcript and plea agreement to determine whether the sentencing court intended to adjust the petitioner's sentence under § 5G1.3(c)).

Petitioner's Plea Agreement contains the following paragraph concerning his state sentence:

> 21. State sentence. The parties agree that the government will not oppose Defendant's argument to the Court at the time of sentencing in his case should run concurrent with the sentence he is currently serving State of Ohio v. Lenail T. Hall, case number CR-11-549681, out of Cuyahoga County, Ohio Court of Common Pleas.

(Pascal Decl., Ex. 2, ¶21, ECF No. 11-3.)

In his Sentencing Memorandum, Petitioner, through counsel, stated that "[t]he Government charged — and Mr. Hall pleaded — that, between July 2010 and August 2010, Mr. Hall engaged in acts of conspiracy to distribute illegal contraband [in] violation of Sections 841(a)(1), (b)(1)(A), and 846 of Title 21 of the United States Code. *See* PSR at ¶¶13-17." (Pascal Decl., Ex. 3 at 2, ECF No. 11-4.) The Sentencing Memorandum further states:

> Here, Section 5G1.3 of the Sentencing Guidelines, i.e. "Imposition of a Sentence on

7

a Defendant Subject to an Undischarged Term of Imprisonment," controls. Because neither Section 5G1.3(a), nor Section 5G1.3(b) apply, the Court should adopt Section 5G1.3(c) as the appropriate provision to consider in determining whether Mr. Hall's federal sentence should run consecutively to or concurrently with his state sentence.

. . .

As previously noted, on December 2, 2011, the Honorable Judge Stuart Friedman imposed Mr. Hall's four (4) year Cuyahoga County sentence of imprisonment for drug-related charges, as well as five (5) years of mandatory post-release control. See Exhibit A, Cuyahoga County Court Docket, Case Number CR-11-549681. Thus, Section 5G1.3(c) applies in this case, because Mr. Hall had – and continues to have – a "prior undischarged sentence" of over two years which the state imposed prior to his conviction in the instant offense. Consequently, this Court should consider the 5G1.3 application factors to determine that Mr. Hall qualifies for a concurrent federal sentence in this case.

(Pascal Decl., Ex. 4 at 11-13, ECF No. 11-4.)

The Sentencing Memorandum establishes that Petitioner did not request a federal sentence fully concurrent to his state sentence:

[i]n short, running Mr. Hall's 120-month federal sentence *with his remaining state time* would not demean the law, would give Mr. Hall adequate time to consider and address his offense and addiction, and would allow for training and medical care that he so strongly needs to return as a productive, successful member of society.

. . .

Mr. Hall has served approximately fifteen (15) months out of his original forty-eight (48)

> month state sentence. Consequently, running Mr. Hall's *remaining approximately thirty-three (33) months concurrent* with his federal term would not undermine this Court's imposition of sentence …

(Id. at 14 (emphasis added.))

At sentencing, the Court noted it had read Petitioner's sentencing memorandum. (Ruymann Decl., Ex. 1, ECF No. 3-3 at 5.) The Court commended Petitioner's counsel on the sentencing memorandum and acknowledged that it was compelling and helpful. (Id. at 19.) Upon sentencing Petitioner to a 120-month term of imprisonment, the Court stated, "I will give you the point of running that concurrent to the State sentence." (Id. at 20.)[3] Further, the Court said that it would "follow the recommendation of the parties. I think it is reasonable, and I think this sentence will be sufficient but not greater than necessary." (Id. at 21.)

The sentencing court's express reference to Petitioner's sentencing memorandum and its comment that it would follow the recommendation of the parties indicates its intent to impose the sentence requested by Petitioner, a sentence concurrent to the remaining time on Petitioner's state sentence at the time of federal sentencing.

---

[3] On April 17, 2015, upon granting in part Petitioner's § 2255 motion based on defense counsel's failure to file a notice of appeal upon Petitioner's request, the court resentenced Petitioner to the same sentence, for the same reasons stated at the original sentencing. (Pascal Decl., Ex. 4, ECF No. 11-5.)

The acknowledgement in Petitioner's sentencing memorandum that § 5G1.3(b) was inapplicable further supports the conclusion that the sentencing court did not adjust Petitioner's sentence based on relevant conduct to achieve *fully* concurrent state and federal sentences. Therefore, the BOP properly calculated Petitioner's federal sentence consistent with the sentencing court's intent by making his federal sentence concurrent to the remaining portion of his state sentence as of the imposition of his federal sentence under § 5G1.3(c). (See Declaration of Ronald C. Williams (Management Analyst with the Federal Bureau of Prisons Designation and Sentence Computation Center), ECF No. 3-1.) Petitioner is not entitled to habeas relief.

III. CONCLUSION

For the reasons discussed above, the petition for writ of habeas corpus under 28 U.S.C. § 2241 is denied.

An appropriate Order follows.

Dated: December 12, 2018

                              s/Renée Marie Bumb
                              **RENÉE MARIE BUMB**
                              **United States District Judge**